UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

HARRY HARRISON,            )
                           )
         Petitioner,       )
                           )
v.                         )   No. 1:07-cv-1292-DFH-JMS
                           )
CRAIG HANKS,               )
                           )
         Respondent.       )

**Entry Discussing Petition for Writ of Habeas Corpus**

For the reasons explained in this Entry, the petition of Harry Harrison ("Harrison") for a writ of habeas corpus must be **denied** and this action **dismissed with prejudice.**

**Background**

The pleadings and the expanded record in this action establish the following:

1. Harrison is confined at an Indiana prison. He seeks a writ of habeas corpus with respect to a prison disciplinary proceeding identified as No. NCF 07-01-0012, in which he was found guilty of having violated prison rules of conduct by engaging in fighting.

2. A conduct report was issued on December 29, 2006, reciting that during the afternoon of that day the reporting officer witnessed Harrison stand over inmate Leach's bed with his back hand up in the act of hitting Leach. The conduct report further recites that Harrison was then observed walking over to his bed while shaking his hand as if it hurt and that Leach stood up crying with blood running down his mouth and nose.

3. After being supplied with a copy of the written charge and notified of his procedural rights, Harrison was found guilty of the charge, fighting, at a hearing conducted on January 12, 2007. The present action was filed after Harrison's administrative appeals were rejected.

**Harrison's Claims**

Contending that the proceeding described above is tainted by constitutional error, Harrison seeks a writ of habeas corpus. His specific contentions are that there was insufficient evidence to support the conduct board's decision and that his request for a videotape and witnesses was improperly denied.

## Discussion

A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a) only if it finds the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* When a prison disciplinary proceeding results in a sanction which affects the expected duration of a prisoner's confinement, typically through the deprivation of earned good-time credits or the demotion in credit earning class, the state may not deprive inmates of good-time credits without following constitutionally adequate procedures to ensure that the credits are not arbitrarily rescinded and habeas corpus is the proper remedy. *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004).

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell,* 418 U.S. 539, 556 (1974). In these circumstances, Harrison was entitled to the following process before being deprived of his liberty interests: (1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. *Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992). In addition, there is a substantive component to the issue, which requires that the decision of a conduct board be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445 (1985). Also, Indiana prisoners must pursue their available administrative remedies before filing a habeas petition. *Eads v. Hanks,* 280 F.3d 728, 729 (7th Cir. 2002); *Markham v. Clark,* 978 F.2d 993, 995 (7th Cir. 1992). The failure to do so constitutes a procedural default. Harrison could overcome this procedural default through a showing of cause and prejudice or that a fundamental miscarriage of justice would result if the merits of his claim are not reached. *Aliwoli v. Gilmore,* 127 F.3d 632, 634 (7th Cir. 1997) (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)).

Under *Wolff* and *Hill,* Harrison received all the process to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) Harrison was given the opportunity to appear before the conduct board and make a statement concerning the charge, (2) the conduct board issued a sufficient statement of its findings, and (3) the conduct board issued a written reason for its decision and for the sanctions which were imposed. Harrison's claims otherwise are unavailing here.

- The conduct board recites the reporting officer's direct observation of Harrison striking Leach and Leach's injuries. This account satisfies the "some evidence" required by due process. *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court "will overturn the . . . [conduct board's] decision only if no reasonable adjudicator could have found . . . [the petitioner] guilty of the offense on the basis of the evidence presented"), *cert. denied,* 115 S. Ct. 314 (1994). The "some evidence" standard is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999). Indeed, even "meager" proof will suffice. *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000). The evidence was constitutionally sufficient, and Harrison's argument otherwise does not entitle him to relief in this case.

- Harrison's second claim is that he was denied a requested videotape, or that his request for Sergeant Patton or other witnesses was refused. This claim, however, was not presented during Harrison's administrative appeal. He has not overcome the consequences of this procedural default. Apart from this, the written statement of Sergeant Patton was in fact produced and considered by the conduct board. The conduct board was under no constitutional obligation to resolve conflicting evidence in a manner favorable to Harrison, *Hill,* 472 U.S. at 457 ("The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board."), and neither the evidence presented nor the evidence argued for by Harrison shows otherwise.

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Harrison to the relief he seeks. His arguments that he was denied the protections afforded by *Wolff* and *Hill* are either refuted by the expanded record or based on assertions which do not entitle him to relief. Accordingly, Harrison's petition for a writ of habeas corpus shows on its face that he is not entitled to the relief he seeks. That petition must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

So ordered.

_____
DAVID F. HAMILTON, Chief Judge
United States District Court

Date: 3/11/2008